UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

GERSON HERIBERTO        :
HERNANDEZ-CRUZ,
                       :
    Petitioner            CIVIL ACTION NO. 4:20-629
                       :
  v.                          (JUDGE MANNION)
                       :
WARDEN CLAIR DOLL,
                       :
    Respondent
                       :

# O R D E R

    Pending before the court is the report of Magistrate Judge William I. Arbuckle which recommends, in part, that the instant petition for writ of habeas corpus brought pursuant to 28 U.S.C. §2241 be dismissed as moot.[1] (Doc. 7). No objections have been filed to the report. Upon review, the report and recommendation will be granted to the extent it is recommended that the petition be dismissed as moot.

    When no objections are filed to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."

---

[1] The report also addresses the merits of the petition. However, because the court agrees that the petition is moot, it is unnecessary to address the merits herein.

Fed.R.Civ.P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

As stated by Judge Arbuckle in his report, the petitioner filed the instant action on April 16, 2020, in which he alleges unlawful detention by Immigration and Customs Enforcement ("ICE") and seeks relief in the form of release from detention. (Doc. 1). According to the record, the petitioner was taken into ICE custody on June 8, 2019. On October 23, 2019, an immigration judge ("IJ") ordered the petitioner removed from the United States. Petitioner filed an appeal of that decision to the Board of Immigration Appeals ("BIA"). On February 20, 2020, the BIA affirmed the IJ's decision. At the time of petitioner's filing, he had been in ICE custody for approximately thirteen months.

Upon the filing of the petition, an order to show cause was issued. Respondent has filed a reply indicating that, since the filing of the instant

action, the petitioner has been removed from the United States. A search by both ICE agency counsel and Judge Arbuckle revealed no search results for the petitioner, which indicates that the petitioner has, in fact, been removed. As a result, Judge Arbuckle recommends in his report that the petition be dismissed as moot pursuant to Defoy v. McCullough, 393 F.3d 439, 441 (3d Cir. 2005) (stating that "a petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition."). To the extent the petitioner had not been removed and the information obtained by ICE agency counsel and the court was inaccurate, the petitioner was given an opportunity to object to the report. However, the report and recommendation mailed to the petitioner was returned as undeliverable and unable to be forwarded.

    The court has reviewed Judge Arbuckle's report and agrees with the sound reasoning upon which his recommendation for dismissal is made. Further, the court finds no clear error of record. As such, the court will adopt the report to the extent it is recommended that the petition be dismissed as moot.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**(1)** The report and recommendation of Judge Arbuckle, **(Doc. 7)**, is **ADOPTED** to the extent that it is recommended that the instant petition for writ of habeas corpus be dismissed as moot.

**(2)** The petition for writ of habeas corpus, **(Doc. 1)**, is **DISMISSED AS MOOT**.

**(3)** A certificate of appealability shall not be issued.

**(4)** The Clerk of Court is directed to **CLOSE THIS CASE**.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE:  October 15, 2020**
20-629-01